DIXON, Chief Justice
(concurring and dissenting).
I agree with the disposition which the court makes of the Watkins matter, but respectfully dissent from the opinion in the case of Bennie J. Matthews.
If the new warrant had been issued upon new allegations or information, even if for the same offense, the Matthews case might differ from the Chaney case. The affidavits and warrants are not in the record, and we cannot tell what happened. As the record stands, the judge ordered Matthews released, and then, before Matthews could be “processed” out, the judge issued a new warrant on another affidavit, the contents of which do not appear.
If this is what happened, the plain meaning of the law has been disregarded again, without a finding that the law is unconstitutional or otherwise defective. Such an event is far more destructive of the rule of law than releasing an accused person until his trial.
The proper remedy, of course, is to fix Matthews’ trial immediately. If he should fail to appear, he will' have committed another offense, and will surely be caught and brought to justice.